OPINION
{¶ 1} Appellant Thomas Butler ("appellant") appeals the verdict and sentence rendered in the Stark County Court of Common Pleas following his convictions for one count of illegal manufacturing of drugs and one count of illegal assembly or possession of chemicals for the manufacture of drugs. The following facts give rise to this appeal.
 {¶ 2} On August 29, 2005, the Metro Narcotics Unit arrived at a residence located at 12467 Beech Street, Washington Township, after receiving information that methamphetamine was being manufactured in an unattached garage on the property. As officers from the unit approached the garage, they observed several small children playing near the garage. Officer James Monigold initially made contact with Rick Sholtis, who was exiting the garage. Officer Monigold informed Sholtis of the purpose for their visit. While speaking to Sholtis, the officers heard a loud noise from the garage and another officer apprehended a man exiting a window in the rear of the garage.
 {¶ 3} The police ordered other individuals in the garage to come toward the door. Officers found appellant inside the garage and another man hiding in the rafters of the garage. Thereafter, Sholtis gave the officers consent to search the garage. As a result of their search, the officers discovered materials used to manufacture methamphetamine and a small amount of the drug. The officers also discovered a small surveillance camera that projected images to a monitor located inside the garage.
 {¶ 4} Appellant spoke to the officers following his arrest. Appellant informed the officers that he arrived at the property the previous evening and observed individuals preparing methamphetamine. Appellant also informed the officers that he had been at the garage on at least two prior occasions when the drug was being manufactured.
 {¶ 5} Thereafter, on October 7, 2005, the Stark County Grand Jury indicted appellant for one count of illegal manufacturing of drugs and one count of illegal assembly or possession of chemicals for the manufacture of drugs. Appellant filed a motion to suppress, which the trial court denied on December 6, 2005. This matter proceeded to trial on December 21, 2005. Following deliberations, the jury found appellant guilty as charged in the indictment. The trial court conducted a sentencing hearing on December 23, 2005. The trial court sentenced appellant to a total prison term of four years and imposed a $7,500 fine.
 {¶ 6} Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 {¶ 7} "I. APPELLANT'S CONVICTIONS ARE CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 8} "II. THE TRIAL COURT ERRED BY IMPOSING A SENTENCE GREATER THAN THE STATUTORY MINIMUM IN VIOLATION OF OHIO LAW."
 I {¶ 9} Appellant maintains, in his First Assignment of Error, the trial court's verdict is against the manifest weight of the evidence. We disagree.
 {¶ 10} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983),20 Ohio App.3d 172, 175. See also, State v. Thompkins, 78 Ohio St.3d 380,1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175.
 {¶ 11} In support of this assignment of error, appellant argues the only evidence of his guilt was presented through the testimony of Crystal Whitmore and that she was not a credible witness because she lived with her fiancÉ, Rick Sholtis, and their children, next to the methamphetamine lab. Thus, appellant concludes Crystal Whitmore's testimony is not worthy of belief because of her knowledge of the operation and her failure to notify the authorities.
 {¶ 12} At trial, Crystal Whitmore testified that appellant and another person went to Wal-Mart, during the early morning hours, prior to the metro unit's search, in order to purchase additional items to make methamphetamine. Tr. Vol. I at 228. When appellant and the other person returned, they unloaded the truck and took items into the garage. Id. Whitmore also testified that she observed appellant that night "working on the red and the white." Id. at 229-230. Whitmore testified that on previous visits to their residence, appellant brought items for the making of methamphetamine and appellant had been involved in the making of the drug, including "gassing," which is the final stages of the production process. Id. at 231.
 {¶ 13} Following a review of the record, we conclude the jury did not clearly lose its way in resolving conflicts in the evidence. Rather, the evidence establishes that appellant was a willing participant in the methamphetamine lab operation. Appellant had previously assisted in preparing the methamphetamine and purchased materials necessary to make it.
 {¶ 14} However, in addition to this evidence, appellant also made incriminating statements to the police at the time of his arrest. Appellant informed Officer Monigold that he arrived at the Sholtis garage at approximately 6:00 p.m. on August 28, 2005, and stayed until the following morning when the metro unit arrived. Id. at Vol. II at 290-291. Appellant admitted that he watched as the men cooked the methamphetamine and that he knew of the operation from previous visits to the property. Id. at Vol. I at 186. Appellant further admitted that he had been given some of the drug and that he had purchased tubing and ice for use in the production of the drug. Id. at 187.
 {¶ 15} Based upon this evidence, we conclude the jury's verdict is not against the manifest weight of the evidence.
 {¶ 16} Appellant's First Assignment of Error is overruled. II {¶ 17} In his Second Assignment of Error, appellant contends the trial court erred when it imposed a sentence in excess of the statutory minimum based upon sentencing factors determined to be unconstitutional by the Supreme Court of Ohio. We agree.
 {¶ 18} Specifically, appellant challenges the trial court's reference to R.C. 2929.14(B)[1] when it declined to impose the shortest prison term. In the sentencing judgment entry, the trial court stated, "The Court finds pursuant to Revised Code Section 2929.14(B) that the shortest prison term will demean the seriousness of the defendant's conduct; and the shortest prison term will not adequately protect the public from future crime by the defendant or others." Judgment Entry, Jan. 3, 2006, at 3.
 {¶ 19} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the Ohio Supreme Court found certain provisions of Ohio's sentencing statute unconstitutional pursuant to Blakely v. Washington (2004), 542 U.S. 296, because said provisions required judicial factfinding to exceed the sentence allowed simply as a result of a conviction or plea. These included the provision for more than a minimum sentence under R.C.2929.14(B). To remedy Ohio's felony sentencing statutes, the Ohio Supreme Court severed the Blakely-offending portions that either create presumptive minimum or concurrent terms or require judicial factfinding to overcome the presumption. Foster at ¶ 97. The Court concluded " * * * that trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at ¶ 100.
 {¶ 20} Because appellant's sentence is based upon a statutory provision now deemed void, we remand this matter to the trial court for a new sentencing hearing.
 {¶ 21} Appellant's Second Assignment of Error is sustained.
 {¶ 22} For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed in part, reversed in part, and remanded for a new sentencing hearing.
Wise, J., Hoffman, P. J., and Boggins, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of common Pleas of Stark County, Ohio, is affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.
Costs to be split equally between the parties.
[1] R.C. 2929.14(B) provided as follows:
"Except as provided in division (C), (D)(1), (D)(3), (D)(5), (D)(6), or (G) of this section, in section 2907.02 of the Revised Code, or in Chapter 2925. of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies:
"(1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
"(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."